## FLOWER & AL. vs. ARNAUD.

APPEAL from the court of the parish and city of New-Orleans.

FLOWER & AL.
vs.
ARNAUD.

A debtor, the claim on whom has been seized and sold, may retain against the purchaser whatever he might retain against his creditor before the sale.

The treasurer may withhold from a person, to whom the legislature has made an allowance, the amount of his taxes, for which the collector has reported him as a defaulter to the treasurer.

MARTIN, J. delivered the opinion of the court. On the dissolution of the injunction, in this court, in the suit of *Flower & al.* vs. *Livingston,* vol. 2, 514, the plaintiffs took out an alias *fi. fa.* which was levied on "the right of the defendant to the sum of $800, which may now be, or hereafter may become due, by the state, &c., being part of a greater sum allowed him, by an act to fix the compensation to be allowed to the jurisconsults, appointed to revise and amend the civil code, &c." The plaintiffs became the last bidders for this right, at the sheriff's sale, and brought suit against the defendant, the treasurer of the state, who had refused to pay.

The answer denied the right of the courts of justice to seize moneys to be paid by him to individuals, and averred that he had paid out, and accounted for, all moneys due by the state to Livingston. That the sum appropriated to his payment was $4000, the payment of $800, of which was deferred by law, till after the completion of the code of commerce. Leaving only $3200, now due, and of which $2000 had

FLOWER & AL.
*vs.*
ARNAUD.

been paid to Workman, on Livingston's order, $379 92 were due to the state for taxes, and an execution had issued to the sheriff, of the parish of Orleans therefor, $46 12 for parish taxes, $344 5, were due for taxes on Livington's land, in the parish of Washita, for the years 1820, 1821, and 1822, an execution had issued therefor; $429 91, had been paid (as the balance due) to the plaintiffs.

The parish judge allowed to the plaintiffs judgment for $46 12, and they appealed.

It seems the parish judge allowed all the items stated by the defendant, except the parish tax, which was not due *to the state.*

The sum paid to Workman is admitted to have been correctly paid.

The only difficulty is, as to the amount of Livingston's state taxes, for which execution was in the hands of the sheriffs of the parishes of Orleans and Washita.

We think that the tresurer had right to detain from the present plaintiffs, the purchasers of Livingston's right, all which he might retain from the latter. It is clear, that if Livingston had called for the payment of the sum allowed him, the treasurer would have had the right of retaining those arrearages of taxes, the collec-

tion of which, it is the treasurer's duty to make, and the amount of taxes stated, is only that of those taxes, for which Livingston was reported as a delinquent, by the collectors, to the treasurer, in order that he might proceed to enforce payment.

It is therefore ordered, adjudged and decreed, that the judgment of the district court be affirmed with costs.

*Christy* for the plaintiffs, *Preston* for the defendant.